IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MONTANANS FOR COMMUNITY DEVELOPMENT,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN MOTL, in his official capacity as Commissioner of Political Practices of the State of Montana,<br><br>Defendant. | CV 13-70–H–CCL<br><br>ORDER |

This action for declaratory and injunctive relief is filed by Plaintiff regarding Plaintiff's request for an advisory opinion from the Commissioner of Political Practices of the State of Montana, Jonathan Motl ("Commissioner"). Now before the Court is the Commissioner's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Under the *Younger* Abstention Doctrine. The motion is opposed.

Background

Plaintiff Montanans for Community Development ("MCD") wanted to print and distribute grassroots lobbying ads (the "Quandt Flyer") prior to the November 5, 2013, election and to print and distribute similar communications prior to future elections. (Doc. 1, Complaint, ¶ 1.) On October 4, 2013, MCD requested an advisory opinion from the Commissioner. (Doc. 1, ¶ 55.) On October 18, 2013, the Commissioner declined to provide an advisory opinion because he determined that inadequate facts had been presented for the purpose requested. (Doc. 1, ¶ 55.) On October 29, 2013, MCD submitted a second advisory opinion request that provided additional facts. (Doc. 1, ¶ 56.) On October 30, 2013, the Commissioner responded and again asserted that insufficient facts were available to render an advisory opinion. (Doc. 1, ¶56.) On that same day, October 30, 2013, MCD filed a Petition for Declaratory Ruling Before the Commissioner. (Doc. 1, ¶ 57.) Five days later, on November 4, 2013, the Commissioner denied the Petition as being procedurally inadequate and improperly plead pursuant to A.R.M. 1.3.227 and invited MCD to replead. (Doc.

1, ¶ 58.)

On election day, November 5, 2013, MCD filed the instant declaratory judgment action in federal district court seeking a ruling that Montana law (Title 13, Montana Code Annotated) and administrative rules (Chapter 44.10, A.R.M.) do not apply to MCD's proposed grassroots lobbying activities and enjoining the Commissioner from enforcing Title 13, Montana Code Annotated, or Chapter 44.10, Administrative Rules of Montana, against MCD prior to future elections.

Legal Standard

Pursuant to Rule 12(b)(1), Fed.R.Civ.P., a motion to dismiss for lack of subject matter jurisdiction should be granted if the plaintiff fails to allege sufficient facts in the complaint to establish facially the court's subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*,. 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). However, when there is a factual challenge to the complaint, a court may also review additional evidence beyond the complaint in order to determine the existence of federal jurisdiction to hear the case. *McCarthy v.*

*United States*, 850 F.2d 558, 560 (9th Cir. 1988). If it is determined that the plaintiff lacks Article III standing, then the case must be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998).

Standing.

Article III of the United States Constitution provides that federal courts shall hear only cases and controversies, and among the criteria for determining whether a case or controversy exists is the doctrine of standing. In order to demonstrate standing, the plaintiff must show that he has suffered, or imminently will suffer, an injury that is (1) "concrete and particularized," (2) fairly traceable to defendant's conduct, and (3) redressable by a favorable court resolution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). If a plaintiff lacks standing, the district court lacks subject matter jurisdiction to entertain the suit, and it should be dismissed. *Cetacean Cmt. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

Plaintiff MCD has the burden of establishing Article III standing. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). However, in deciding this issue, the court must accept the material allegations of the complaint and construe it in the plaintiff's favor. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Courts do not accept the truth of legal conclusions even when presented as factual allegations. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

In determining whether an imminent injury is threatened in a pre-enforcement action such as this one, the plaintiff must show "a reasonable likelihood that the government will enforce the challenged law against them." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010). Here, the Commissioner has provided Plaintiff with one advisory opinion as to the "express advocacy" standard (A.R.M. 44.10.323(3)) that the Commissioner has used in the past and continues to use. (Doc. 8-13 at 1-2.). That apparently has been settled to Plaintiff's satisfaction. The Commissioner did not provide the other requested advisory opinion for lack of a factual basis and, subsequently, for lack of proper

pleading, but the Commissioner stated that "this is not to say that the Commissioner is closed to this determination since it would be of potential benefit to a well-informed political participant if such a determination could be made. MCD and its counsel are commended for attempting to frame this daunting task." (Doc. 8-15 at 2-3.) Indeed, the Commissioner has openly acknowledged that he may ultimately take the same position advocated by Plaintiff: "[T]he facts, when fully identified, may be such that the Commissioner agrees that the Flyer is an issue advocacy expense." (Doc. 8-13 at 2.) Currently, however, the Commissioner is awaiting a proper pleading from Plaintiff. Under these circumstances, Plaintiff has not shown a reasonable likelihood that the Commissioner will enforce the challenged law *against* it. Essentially, the administrative proceeding is paused at the mid-point for Plaintiff to amend its pleading with the requested factual basis and in proper form as required by Montana regulation.

As to any past injury for MCD's printing costs of the Flyer prepared before the November 5, 2013, election, such costs are not redressable by this Court,

which is limited to prospective injunctive relief by the Eleventh Amendment. *See Wheaton v. Webb-Petett*, 931 F.2d 613, 619-20 (9th Cir. 1991). Neither has MCD shown it imminently will suffer injury as to similar mailings prior to future elections where there is no showing of a credible threat of adverse state action by the Commissioner.

Ripeness.

The Doctrine of Ripeness is intended "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). The two aspects of ripeness are constitutional and prudential ripeness.

"The constitutional ripeness of a declaratory judgment action depends upon whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

7

judgment." *United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003). Constitutional ripeness is a jurisdictional prerequisite. *In re Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2008). Whether there is a substantial controversy between the parties is doubtful here, because the Commissioner has acknowledged that he may ultimately decide to agree with MCD, after all the facts are submitted by MCD to the Commissioner.

Prudential ripeness turns on the extent to which the issues are appropriate for adjudication and the level of hardship entailed by withholding the court's judgment. *Braren*, 338 F.3d at 975. Whether an issue is "fit for decision [depends on whether] the issues raised are primarily legal, do not require further factual development, and the challenged action is final." *Braren*, 338 F.3d at 975 (citation omitted). In an administrative action, it is an explicit requirement that state agency action be final before a declaratory judgment action can be considered ripe for adjudication: "the ripeness doctrine was designed . . . to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by challenging parties." *Id.*

(citation omitted). In this case, it is patently clear that the agency decision is not final because the Commissioner is currently awaiting MCD's filing of an amended petition for the purpose of further factual development. Furthermore, "[c]ourts should avoid pre-enforcement challenges that do not permit enforcement agencies to refine their policies." *Ammex, Inc. v. Cox*, 351 F.3d 697, 708 (6th Cir. 2003). There is also no hardship to the parties in allowing the state agency to continue its proceedings as the next election is months away. Pursuant to the prudential ripeness doctrine, this action is not suitable for adjudication.

*Younger* Abstention Doctrine

The United States Supreme Court has articulated numerous principles of Federalism, among them the Federal Abstention Doctrines. One of the more limiting abstention doctrines is the *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), in which a civil rights tort claim was brought in federal court as a response to a state criminal prosecution. Underlying the *Younger* abstention is the principle of comity, by which the federal government protects its interest in a

9

fashion that does not "unduly interfere with the legitimate activities of the States." *Younger*, 401 U.S. at 43-45, 91 S.Ct. 746. "[T]ime and time again . . . the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. This abstention doctrine has been extended to administrative proceedings before a state agency. *Ohio Civil Rights Comm'n v. Dayton Christian School*, 477 U.S. 619, 627 n.2, 91 L.Ed.2d 512, 106 S.Ct. 2718 (1986). As catalogued in *New Orleans Public Service, Inc. v. Council of City of New Orleans ("NOPSI")*, 491 U.S. 350, 373, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989), "civil enforcement proceedings" are one of the exceptional types of state cases that fit within the *Younger* doctrine, along with cases that parallel state criminal proceedings and cases that implicate the state's interest in enforcing orders and judgments of its courts. *Sprint Communications, Inc. v. Jacobs*, ___ U.S. ___, 134 S.Ct. 584, 588, 187 L.Ed.2d 505 (2013) (citing *NOPSI*, 491 U.S. at 367-68, 109 S.Ct. at 2506). The instant case is a variant of a civil enforcement proceeding; as described by MCD, this case is a "pre-enforcement" action, *i.e.*, an action intended to prevent the Commissioner from

enforcing Montana statutes against MCD. *See San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087 (9th Cir. 2008) (*Younger* abstention appropriate in campaign finance case filed in federal court before City Elections Commission, in ongoing proceedings, could issue public reprimand and assess fine). In addition, the Commissioner functions in a quasi-judicial capacity. *See LeFer v. Murry*, ___ F.Supp.2d ___, 2013 WL 5651415, *10 (D. Mont. 2013) (applying six factors outlined in *Butz v. Economou*, 438 U.S. 478, 512, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), to determine that the activities of the Montana Commissioner of Political Practices "are functionally comparable to the functions of a judicial official").

The *Younger* abstention is based upon four elements: (1) state-initiated[1]

---

[1] The requirement that the ongoing state proceedings be state-initiated has been diminished as to the first-element, because even a state proceedings between two private parties may provide the basis for a *Younger* abstention. *See Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 883 n.7 (9th Cir. 2011) (citing *Pennzoil v. Texaco Inc.*, 481 U.S. 1, 12-13, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); *Juidice v. Vail*, 430 U.S. 327, 335-36, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); and *AmerisourceBergen*, 495 F.3d *Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)). Whether or not the underlying state action is state-initiated is

proceedings are ongoing, (2) the state proceedings implicate important state interests, (3) federal claims can be raised in the state proceedings, and (4) "the court's action would enjoin, or have the practical effect of enjoining, ongoing state proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143 (9th Cir. 2007) (citing first three factors from *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-34, 347, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), and the fourth factor from *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc)).

As to the first factor, state proceedings are considered ongoing, even after a final agency decision is issued, if state-court judicial review is available. *See San Jose Silicon Valley*, 546 F.3d at 1093-94. Here, the state proceedings have not progressed to a final agency decision, and judicial review is subsequently available pursuant to Montana law. *See* Mont. Code Ann. §§ 2-4-501, -702;

---

more properly considered in relation to the second element (whether the state proceedings implicate important state interests), not the first element. *Potrero Hills Landfill*, 657 F.3d at 883 n.7. In this case, there is no question that the ongoing state proceedings implicate important state interests.

A.R.M. 44.10.201(1)(d). Therefore, the first element of the *Younger* abstention is met.

Second, the proceedings must implicate important state interests. There is no doubt that regulating elections and campaign finance is an important and uniquely state interest. *See San Jose Silicon Valley*, 546 F.3d at 1094; *AmerisourceBergen*, 495 F.3d at 1150.

The third element of the *Younger* abstention requires that the parties have an opportunity to raise federal claims in the state proceedings, and the element is met unless a party is procedurally barred from doing so. *Dubinka v. Judges of the Superior Court of the State of California*, 23 F.3d 218, 224-25 (9th Cir. 1994). This element is clearly satisfied, as MCD did in fact assert that the Commissioner should apply federal law in providing the requested advisory opinion. *See* Doc. 8-10 at 3 (citing *Federal Election Comm'n v. Furgatch*, 807 F.2d 857 (9th Cir. 1987); *Federal Election Comm'n v. Wisconsin Right to Life*, 551 U.S. 449 (2007)). MCD is also able to assert any federal claims upon state judicial review.

The fourth *Younger* element is the most strong. MCD requests that this

Court enjoin Montana's Commissioner of Political Practices from enforcing Montana campaign finance law against MCD if it prints and distributes mailing similar to the Quandt Flyer in future elections. Such an injunction clearly interferes with ongoing state proceedings and hampers the Commissioner's ability to interpret and enforce Montana law.

Under the circumstances presented in this case, a *Younger* abstention is warranted, and dismissal is the proper remedy. *See AmerisourceBergen*, 495 F.3d at 1148 (citing *Gilbertson v. Albright*, 381 F.3d at 970). In a case seeking an injunction against state proceedings, "when *Younger* abstention applies, 'it does not merely delay, but *precludes, the federal court litigation*.'" *Gilbertson*, 381 F.3d at 970 (quoting *Green v. City of Tucson*, 255 F.3d 1086, 1098, 1102 (9th Cir. 2001) (en banc) (emphasis added)). Taking jurisdiction of this case would interfere with Montana's ability to carry out one of its basic executive and judicial functions in an area vital to state government. Furthermore, no bad faith, harassment, or other exceptional circumstance militates against abstention. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435,

102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Even if this case were justiciable (which it is not due to lack of standing and ripeness concerns), the Court would still abstain on *Younger* grounds.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) and *Younger* Abstention Doctrine (Doc. 16) is GRANTED. All relief is denied to Plaintiff. Let judgment enter.

Done and Dated this 12th day of March, 2014.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE